UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN PAUL BURNS

VERSUS                                              CIVIL ACTION

EAST BATON ROUGE PARISH PRISON,                     NUMBER 13-784-JJB-SCR
ET AL

**RULING ON MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the court on the plaintiff's letter dated April 14, 2014 which shall be treated as a Motion for Relief From Judgment. Record document number 16.

Judgment was entered on January 21, 2014, dismissing the plaintiff's complaint without prejudice for failure to prosecute pursuant to Louisiana Uniform Local Rule 41.2.[1]

Plaintiff moved to have the entry of judgment set aside on the grounds that he only recently discovered that his case has been dismissed. Plaintiff explained that since October 2013 he was transferred from East Baton Rouge Parish Prison to Richwood Correctional Center, he was released from custody on parole and became homeless, his parole was revoked and he was re-incarcerated in Richwood Correctional Center and he is currently confined in Calcasieu Correctional Center.

Plaintiff complained that East Baton Rouge Parish Prison officials knew or should have known where he was located and should have notified the court of his address.

_____

[1] Record document number 14.

Rule 60(b), Fed.R.Civ.P. permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition. Rule 60(b)(3) allows relief from a judgment to be granted on the basis of fraud, misrepresentation, or misconduct by the opposing party.

The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). A Rule 60(b)(6) motion requires a showing of extraordinary circumstances. Plaintiff failed to establish the existence of any "extraordinary circumstances" regarding the dismissal of his § 1983 complaint.

Plaintiff's motion for relief from judgment failed to raise a persuasive reason that the underlying dismissal was improper.

Plaintiff has failed to satisfy the prerequisites necessary to be relieved from judgment.

Accordingly, the plaintiff's Motion for Relief From Judgment is denied and without prejudice to the plaintiff filing another § 1983 complaint regarding the claims raised in this complaint.

Baton Rouge, Louisiana, April 24th, 2014.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE